110

THE STATE OF OHIO [EX REL. DEPT. OF MENTAL HYGIENE AND CORRECTION, BUREAU OF SUPPORT], APPELLANT, *v.* TAKACH, EXRX., APPELLEE.

[Cite as State, ex rel. Dept. of Mental Hygiene and Correction, v. Takach (1971), 26 Ohio St. 2d 110.]

(No. 70-183—Decided May 5, 1971.)

*Mr. William J. Brown*, attorney general, and *Mr. Allan Gelbman*, for appellant.

*Messrs. Manchester, Bennett, Powers & Ulman* and *Mr. James E. Bennett, Jr.*, for appellee.

STERN, J. In view of our disposition of this case, it will only be necessary to discuss one of the several arguments raised by the appellant, namely, whether the estate of the deceased mother of an adult patient in an Ohio benevolent institution may be charged with the cost of the patient's support in that institution, if the patient has no dependents and if the deceased mother had no income during the patient's confinement.

The appellant contends that under the provisions of R. C. 5121.04(B)(1) (130 Ohio Laws 1185, 1839) a patient without dependents, such as Andrew Takach, is liable for the full per capita cost of his care and support. While she was living, Mary Takach was a liable relative, under the provisions of R. C. 5121.06(A)(5) (130 Ohio Laws 1188, 1839), (now R. C. 5121.06(A)(4)), and she was jointly and severally liable with her son for that amount. Citing *State v. Webber* (1955), 163 Ohio St. 598, the appellant therefore concludes that, as the obligation against Mary Takach

arose during her lifetime, it became a debt of her estate at her death.

As amended, effective October 10, 1963, R. C. 5121.04 read, in pertinent part:

"(A) The Department of Mental Hygiene and Correction shall *investigate the financial condition* of the patients of benevolent institutions under its control and *of the relatives named* in *Section 5121.06* of the Revised Code liable for the support of such patients, in order *to determine the ability of* any patient or *such relatives to make payment* in whole or in part for the support of the patient and to provide suitable clothing as required by the superintendent of the institution. In all cases, in determining ability to pay and the amount to be charged, due regard shall be had for others who may be dependent for support upon such relatives or the estate of the patient.

"(B) The department *shall* follow the provisions of this division in determining the ability to pay of a patient or *his liable relatives* and the amount to be charged such patient or liable relatives.

"(1) A patient without dependents shall be liable for the full per capita cost. A patient without dependents who has a gross annual income of two thousand dollars or more, regardless of the source of such income, shall pay currently the full amount of the per capita cost; if his gross annual income is less than two thousand dollars, not more than twenty-five dollars per month shall be kept for personal use by or on behalf of the patient and the balance shall be paid currently on his support. The estate of a patient without dependents shall pay any remaining difference between the per capita cost and the amounts prescribed in this section, or shall execute an agreement with the department for payment to be made at some future date under terms suitable to the department.

"(2) The ability to pay of a patient with dependents, or a liable relative with or without dependents, shall be determined in accordance with his income * * *. The patient or his liable relative shall be charged an amount equal to the percentage of the average per capita cost determined

in accordance with the following schedule, or in accordance with division (B)(5) of this section * * *." (Emphasis added.)

The schedule, included as an amendment in that statute, indicates that if a patient with dependents or a liable relative has a gross annual income of $3,000 or less no support payment need be paid.

R. C. 5121.06, as amended, effective October 10, 1963, read, in pertinent part:

"(A) The following persons other than the patient or his estate are liable relatives and all the following persons are jointly and severally liable for the support of a patient in a benevolent institution under the control of the Department of Mental Hygiene and Correction:

"(1) The patient or his estate;

"(2) The patient's husband or wife;

"(3) A minor patient's father or mother, or both;

"(4) The patient's adult sons and daughters, unless pursuant to Section 2901.42 of the Revised Code they are exempt from liability for the patient's support. No son or daughter shall be liable for any charges for support of a father or mother incurred during such time as the son or daughter was a minor.

"(5) An adult patient's father or mother or both.

"(B) The department shall determine, *pursuant to Section 5121.04 of the Revised Code,* the amount to be charged each such liable person in the order named in this section, but shall not collect from any person or persons more than one hundred per cent of the average per capita, or per visit, cost applicable to such patient." (Emphasis added.)

The appellant's interpretation of those sections overlooks the critical point, as articulated therein, namely, that the amount of support, if any, required to be paid, is dependent upon a minimum amount of income during a calendar year. The gross annual income schedule of $3,000 or less applies to this case for the reason that the patient had no dependents and thus subdivision 5 of R. C. 5121.04 is not applicable.

The schedule set forth in R. C. 5121.04(B)(2) makes it manifestly clear that a liable relative who has no income can not be required to contribute to the cost of supporting a patient in an Ohio benevolent institution. This being the case, the estate of Mary Takach could not be required to contribute to such cost after her death. *State* v. *Webber, supra.* Consequently, the charges which accrued beginning on October 10, 1963, may not be charged against Mary Takach's estate.

However, that conclusion does not pertain to those charges which allegedly arose during the period April 1, 1961, through December 31, 1961. During that period, the department determined the amount of support to be paid by those held liable. *State* v. *Webber, supra,* at 602. In determining this amount, the department was unfettered by a schedule, such as that which was adopted, effective January 1, 1962. Therefore, under the applicable statutes as they read in 1961, the fact that the decedent had no income during 1961 would not automatically preclude the state from charging her estate upon her death.

Paragraph one of the syllabus in *State* v. *Webber, supra,* states:

"By virtue of the provisions of Section 1815-9, General Code [Section 5121.06, Revised Code], the estate of the deceased mother of an adult child who is an inmate of a state hospital for the mentally ill or a state institution for the feeble minded is liable for the support of such child in such hospital or institution until the time of the death of such mother, even though there was no attempt to assert liability for such support against the mother during her lifetime."

Under that holding, it is apparent that Mary Takach's estate might be held liable for support during the pertinent part of 1961.

For the foregoing reasons, the judgment of the court below is affirmed, insofar as it pertains to the state's claim against the estate of Mary Takach for charges which arose beginning October 10, 1963. However insofar as it pertains to the state's claim for charges during the year 1961,

the judgment is reversed and the cause is remanded to the Court of Common Pleas for determination of the amount of liability which arose during 1961.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, and LEACH, JJ., concur.